**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delores Marie Armstead,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-25-08165-PCT-KML<br><br>**ORDER** |

Plaintiff brings this action for review of the determination of the Commissioner of the Social Security Administration (the "Commissioner"). The Clerk of Court assigned this case to the expedited track pursuant to Local Rule of Civil Procedure 16.2(b)(1)(A)(i). Pursuant to Local Rule 16.2(b)(1)(B), the court issues this Case Management Order without holding a scheduling conference.

The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (2022) state:

> Rule 6. Plaintiff's Brief
>
> The plaintiff must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed[.]
>
> Rule 7. Commissioner's Brief
>
> The Commissioner must file a brief and serve it on the plaintiff within 30 days after service of the plaintiff's brief.
>
> Rule 8. Reply Brief
>
> The plaintiff may file a reply brief and serve it on the Commissioner within 14 days after service of the Commissioner's brief.

*See also* Local Rule 16.1. The court adopts the deadlines in these Rules as the schedule in this case.

The parties must review Local Rule Civil 16.1 for the requirements regarding the content and length of their briefs before this court. The Local Rules can be accessed at www.azd.uscourts.gov/local-rules.

In *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), the Court of Appeals explained that the Commissioner's decision to deny benefits would be overturned "only if it is not supported by substantial evidence or is based on legal error." Correspondingly, under the Local Rules, a general allegation that the Commissioner committed legal error, or that the Commissioner's determination is not supported by substantial evidence, is insufficient to raise that issue for review. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (internal citation omitted) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

If either party fails to timely file a brief in full compliance with this order, the court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate. *See generally* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS ORDERED** that this case, including all deadlines, shall be governed by the Rules referenced herein.

**IT IS FURTHER ORDERED** the Application (Doc. 2) is **GRANTED**.

Dated this 6th day of August, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge